Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1049 | **DATE** | 5/22/2002 |
| **CASE TITLE** | In Re: IN RE: GARLOCK, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due ______.

(3) ☐ Answer brief to motion due______. Reply to answer brief due______.

(4) ☐ Ruling/Hearing on ______ set for ______ at ______.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ______ set for ______ at ______.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ______ set for ______ at ______.

(7) ☐ Trial[set for/re-set for] on ______ at ______.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ______ at ______.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion And Order. Plaintiffs' motion to remand and/or abstention is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | number of notices | Document Number |
| | No notices required. | MAY 23 2002 date docketed | 5 |
| | Notices mailed by judge's staff. | AJR docketing deputy initials | |
| | Notified counsel by telephone. | date mailed notice | |
| ✓ | Docketing to mail notices. | mailing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |

LG courtroom deputy's initials

U.S. DISTRICT COURT
MAY 22 PM 6:32
FILED

Date/time received in central Clerk's Office




**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IN THE MATTER OF** | ) | |
| **IN RE GARLOCK, INC., et al.** | ) | **Case No. 02 C 1049** |
| | ) | |
| **CONSOLIDATED PRETRIAL PROCEEDING** | ) | **Judge John W. Darrah** |

**MEMORANDUM OPINION AND ORDER**

Several hundred asbestos personal injury cases have been filed and consolidated in the Circuit Court of Cook County. *See In Re: Asbestos Litigation*, Circuit Court of Cook County (*Asbestos Litigation*). Defendant, Honeywell Corporation ("Honeywell"), has removed twenty-seven of the asbestos litigation to this Court. The twenty-seven cases have been consolidated for purposes of pretrial proceedings. Presently before the Court is Plaintiffs' Motion for Remand and/or Abstention.

I. Background

In December 2001, Honeywell began to remove claims involving asbestos-containing friction products of the *Asbestos Litigation* pursuant to 28 U.S.C. § 1452(a) and Federal Rule of Bankruptcy Procedure 9027(a). Other defendants, such as DiamlerChrysler Corporation, Ford Motor Company, and General Motors Corporation ("Automakers"), also removed claims involving the friction products of the *Asbestos Litigation*.

On December 17, 2001, Honeywell filed a motion in the Delaware District Court to partially withdraw a reference pursuant to 28 U.S.C. § 157(d) and to transfer the removed claims and causes of action to the United States Bankruptcy Court for the District of Delaware pursuant to 28 U.S.C. § 157(b)(5). Another defendant involved in the litigation, Federal-Mogul Global, Inc., had



previously filed Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Delaware.

On December 19, 2001, the Delaware District Court issued an order in favor of Honeywell that partially withdrew the reference and provisionally transferred the friction product claims to the Delaware District Court ("the Provisional Order"). On January 4, 2002, the Delaware District Court clarified the Provisional Order and extended the provisional transfer of friction product claims to include claims that would have been subject to the Provisional Order but had not yet been removed on the date of the Provisional Order.

On February 8, 2002, the Delaware District Court ruled that it lacked subject matter jurisdiction over the friction product claims, denied the motions to transfer the friction product claims, and remanded the friction product claims to the state courts from which they were removed. On February 11, 2002, the Automakers appealed the February 8th Order and sought an emergency stay pending the appeal in the United States Court of Appeals for the Third Circuit ("Third Circuit Appellate Court"). The Third Circuit Appellate Court granted the Automakers' emergency motion for a stay pending appeal on February 11, 2002.

On February 14, 2002, Honeywell filed a notice of appeal with the Third Circuit Appellate Court. On February 15, 2002, Honeywell filed a motion to stay, consolidate, and set a briefing schedule in the Third Circuit Appellate Court. The Third Circuit Appellate Court granted Honeywell's motion for a stay pending appeal.

Defendant argues that this Court lacks jurisdiction to remand this case in light of the Delaware District Court's Provisional Order that transferred these cases to that court.

A district court can enter a provisional transfer fixing venue before it and then conduct the

necessary inquiries before entering a final transfer order. *See A.H. Robbins v. Piccinin*, 788 F.2d 994, 1015-16 (4th Cir. 1986) (*Piccinin*). The provisional order brings all the pending suits before the transferee court "for the time being". *Piccinin*, 788 F.2d at 1015.

This issue was recently addressed by the Seventh Circuit for the defendant Automakers. *See In re General Motors Corp*, No. 02-1273, Feb. 15, 2002. The Automakers also received a provisional order by the Delaware District Court. Following the provisional order, the Southern District of Illinois court remanded several asbestos litigation cases against the Automakers to the Illinois state court. The Automakers filed a petition for a writ of mandamus in the Seventh Circuit seeking a recall of the remand. The Seventh Circuit, citing the above cases, granted the petition, finding that the provisional order transferred the cases to the Delaware District Court. Accordingly, the Southern District of Illinois court did not have jurisdiction to remand the cases to the Illinois state court.

As in the Automakers' case, the Provisional Order in this case effectively transferred the cases pending in this Court to the Delaware District Court. Therefore, this Court no longer has jurisdiction over these cases and is not authorized to remand the cases. Furthermore, because these cases were already before the Delaware District Court, and that court determined that the federal courts lack subject matter jurisdiction, these cases are subject to that February 8th order. However, that order has been appealed and has been stayed by the Third Circuit Appellate Court.

Based on the above, Plaintiffs' Motion to Remand and/or Abstention is denied.

Dated: May 22, 2002

JOHN W. DARRAH
United States District Judge